UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cass Franklin Smith, | ) | C/A No. 9:15-386-RBH-BM |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| Director, Cherokee County Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, Cass Franklin Smith, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.  Petitioner is a pretrial detainee at the Cherokee County Detention Center in Gaffney, South Carolina, and files this action in forma pauperis under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

Petitioner states that he has not been to trial yet (on three counts of murder -death penalty sought) and is seeking to have his attorneys[2] dismissed from his cases. Petition, ECF No. 1-2 at 2-3. Records from Cherokee County (Case Numbers M132330, M132331, and M132332) indicate that Petitioner was arrested on three charges of Murder on April 20, 2010. These records further indicate that, as of September 16, 2013, Petitioner is represented by S. Boyd Young of the South Carolina Commission on Indigent Defense.[3] See Cherokee County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Cherokee/PublicIndex/CaseDetails.aspx?County=11

---

[1]The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

[2]Petitioner lists his attorneys as William Sean McGuire, Stanley Boyd Young, and Laura W. Young. ECF No. 1-2 at 3.

[3]Cherokee County records indicate that Petitioner was previously represented by Clay T. Allen and William Sean McGuire (they are currently listed on the docket as "Inactive"). A motion to relieve counsel was filed on April 5, 2013, and a new notice of representation (apparently as to Mr. Young) was filed on September 16, 2013.

2

&CourtAgency=11001&Casenum=M132330&CaseType=C (last visited Feb. 13, 2015);

http://publicindex.sccourts.org/Cherokee/PublicIndex/CaseDetails.aspx?County=11&CourtAgency

=11001&Casenum=M132331&CaseType=C (last visited Feb. 13, 2015); http://publicindex.sccourts.

org/Cherokee/PublicIndex/CaseDetails.aspx?County=11&CourtAgency=11001&Casenum=M13

2332&CaseType=C (last visited Feb. 13, 2015).[4]

Petitioner's asserted ground for habeas relief is that:

> Brady McBee[,] Clerk of Court of Cherokee County[,] Gaffney, South Carolina will not schedule[] a court date. To he[ar] my motion I have attach[ed] to this letter. To dismiss my attorney[]s [.] My attorney[]s are ineffective counseling with [no] defense case law, to help the defendant Cass Franklin Smith. In a death penalty case, the defendant life is at stake[.]

ECF No. 1-2 at 8. Petitioner asks this Court to direct the state court to hear his motion to dismiss

his attorneys and to schedule a court date. ECF No. 1-2 at 9.

Ordinarily, federal habeas corpus relief for a state prisoner is only available

post-conviction. However, pretrial petitions for habeas corpus may be brought under 28 U.S.C.

§ 2241, "which applies to persons in custody regardless of whether final judgment has been rendered

---

[4]Additionally, Cherokee County records indicate that Petitioner was arrested on the charge of Escape/Attempted Escape on April 23, 2010. This charge is still pending, but Petitioner does not appear to be challenging this charge in his Petition. Petitioner is represented by attorney Clay T. Allen of the Spartanburg County Public Defender's Office as to the Escape charge. See Cherokee County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Cherokee/PublicIndex/CaseDetails.aspx?County=11&CourtAgency=11001&Casenum=M132340&CaseType=C (last visited Feb. 13, 2015). The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. Sept. 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



and regardless of the present status of the case pending against him." United States v. Tootle, 65

F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert.

denied, 484 U.S. 956 (1987)). Generally, however, "'[a]n attempt to dismiss an indictment or

otherwise prevent a prosecution'" is not attainable through federal habeas corpus. Dickerson, 816

F.2d at 226 (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)). In Younger v. Harris,

401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably

interfere with state criminal proceedings "except in the most narrow and extraordinary of

circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the Younger

Court noted that courts of equity should not act unless the moving party has no adequate remedy at

law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43–44. From

Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test

to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2)

the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise

federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human

Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm. v. Garden State

Bar Ass'n, 457 U.S. 423, 432 (1982)).

Petitioner is currently detained on pending state criminal charges, thus satisfying the

first prong of the abstention test. The second criterion has been addressed by the Supreme Court's

holding that "the States' interest in administering their criminal justice systems free from federal

interference is one of the most powerful of the considerations that should influence a court

considering equitable types of relief[,]" Kelly v. Robinson, 479 U.S. 36, 49 (1986); while in

addressing the third criterion, the Supreme Court has noted that "ordinarily a pending state



4

prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975).

Therefore, this case meets all of the criteria for abstention under Younger, and federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. Dickerson, 816 F.2d at 224–26; see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975); cf. Drayton v. Hayes, 589 F.2d 117, 121 (2d Cir. 1979) [double jeopardy claim entitled to pretrial habeas intervention because the "very constitutional right claimed ... would be violated" if petitioner were forced to go to trial]. Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. Moore, 515 F.2d at 449. In Moore, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. Id.; see generally United States v. MacDonald, 435 U.S. 850 (1978); Dickerson, 816 F.2d at 226–27.

Here, Petitioner may raise the claims contained in his Petition (including claims concerning his legal representation,[5] request to be heard, and request to have his trial scheduled) in

---

[5]Records from Cherokee County indicate that a motion to relieve counsel was filed in Petitioner's state case number M132330 on February 11, 2015. See Cherokee County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Cherokee/PublicIndex/CaseDetails.aspx?County=11&CourtAgency=11001&Casenum=M132330&CaseType=C (last visited Feb. 13, 2015).



5

the state court during trial and post-trial proceedings. Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. As Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. See Younger, 401 U.S. at 43–44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

<b>Recommendation</b>

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

February 17, 2015
Charleston, South Carolina

6



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

